Renato Lauchengco VELASQUEZ; Wildie Reyes Velasquez; Jordana Reyes Velasquez; Juan Carlos Reyes Velasquez; Jacqueline Reyes Velasquez, Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 03–71616.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Helen B. Zebel, Esq., Law Office of Helen B. Zebel, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Renato Lauchengco Velasquez, his wife Wildie, and their three children, Jordana, Juan Carlos, and Jacqueline, natives and citizens of The Philippines, petition for review of the Board of Immigration Appeals' ("BIA's") affirmance of the Immigration Judge's denial of their applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1195 & n. 4 (9th Cir.2000). We deny the petition.

Petitioners cannot demonstrate that they hold a well-founded fear of persecution on account of one of the protected grounds under the Immigration and Nationality Act, and they are therefore not eligible for asylum. *See* 8 U.S.C. § 1101(a)(42)(A); *Sangha v. INS,* 103 F.3d 1482, 1486–87 (9th Cir.1997). Substantial evidence supports the BIA's conclusion that the New People's Army's threats against Petitioners were economically motivated, rather than motivated by Petitioners' political affiliation or any imputed political beliefs. *See id.; INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (noting that this court may reverse the BIA's determination only if the evidence is so "compelling that no reasonable fact finder could fail to find the requisite persecution or fear of persecution.").

Failure to meet the standard for asylum necessarily precludes Petitioners from obtaining the relief of withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Accordingly, we deny the petition for review.

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.